# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY SMITH, REESE TRAVIS, and KEVIN LAMB, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-15-7-M |
| CHINTU PATEL, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's 12(b)(3) Motion to Dismiss, filed January 21, 2015. On February 16, 2015, plaintiffs responded, and on February 26, 2015, defendant replied. Based on the parties' submissions, the Court makes its determination.

I.     Introduction[1]

On or about October 25, 2010, OL Addison, LLC ("OL Addison"), an entity owned by plaintiffs, executed an Assignment/Assumption Approval Agreement ("Assignment #1") and assumed the obligations of an existing lease agreement with the Bear on Jog, LLLP ("Landlord") to begin the operation of an Orange Leaf frozen yogurt franchise ("Store") in Delray Beach, Florida. Under the assumption of the lease, plaintiffs also individually executed a Continuing Lease Guaranty ("Guaranty") with the Landlord. On August 31, 2012, defendant, on behalf of Yummy Yogurt MUDFL, LLC ("Yummy Yogurt"), agreed to enter into an Asset Purchase Agreement ("Agreement")[2] with OL Austin Leasing, LLC and OL Addison ("Sellers"), to take

---

[1] The alleged facts set forth are taken from plaintiffs' Petition, which for purposes of this Order will be referred to as Complaint.

[2] Under the Agreement, Yummy Yogurt agreed to, among other things, purchase Sellers' equipment, permits, leasehold interest, and other assets used in the operation of the Store.

over the ownership and operations of the Store. In addition to the Agreement, on that same day, defendant, in his individual capacity, and plaintiffs also entered into an Indemnification Agreement[3].[4]

Yummy Yogurt operated the Store and made payments under the lease up until it failed to pay rent on August 1, 2013, and thereafter. On or about September 12, 2013, the Landlord filed suit against OL Addison, plaintiffs, and Yummy Yogurt. On September 18, 2013, upon receipt of the summons and complaint in the Landlord's suit, a representative of the Sellers and plaintiffs contacted Yummy Yogurt to determine whether it intended on curing the lease default. On October 29, 2013, the Landlord, OL Addison, plaintiffs, and Yummy Yogurt entered into a settlement agreement to resolve the Landlord's suit.[5]

Yummy Yogurt continued operations of the Store until it failed to pay rent on May 1, 2014, and further failed to make monthly payments after that. On October 3, 2014, the Landlord sent both Yummy Yogurt and OL Addison a written default notice demanding payment by October 10, 2014, in the amount of $26,634.83, for past due rent and $41,707.86, for accelerated rent. After receiving the default notice, a representative of the Sellers and plaintiffs contacted Yummy Yogurt to determine whether it intended to cure the lease default, and on October 9, 2014, counsel for Yummy Yogurt informed counsel for the Sellers and plaintiffs that payment

---

[3] Under the Indemnification Agreement, defendant agreed to, among other things, indemnify, defend, and hold harmless plaintiffs from any and all rent obligations and any other liabilities arising from or related to the lease, the Guaranty, and Assignment #1.

[4] On November 30, 2013, plaintiffs and defendant, on behalf of Yummy Yogurt, re-executed the Assignment and Indemnification Agreement after the original executed copies were misplaced by the parties.

[5] Under the settlement agreement, the parties entered into an Assignment/Assumption Approval Agreement ("Assignment #2"), wherein the Landlord formally approved the assignment of the lease from OL Addison to Yummy Yogurt and the assumption by Yummy Yogurt of all the obligations of the tenant thereunder.

would not be submitted to the Landlord to cure the default on the lease. On October 13, 2014, plaintiffs tendered payment to the Landlord in the amount due, $68,324.69.

On October 29, 2014, counsel for plaintiffs sent a notice and demand for indemnification to counsel for Yummy Yogurt and defendant, requesting that defendant notify counsel for plaintiffs whether he intended to comply with the Indemnification Agreement and reimburse plaintiffs for the amounts tendered to the Landlord. As of November 14, 2014, the date plaintiffs filed this action in the District Court of Oklahoma County, State of Oklahoma, defendant had failed to respond to the demand for indemnification. On January 5, 2015, defendant removed this action to this Court. Defendant now moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss plaintiffs' Complaint for improper venue.

II.     Standard for Dismissal

> [W]hether venue is wrong or improper—is generally governed by 28 U.S.C. § 1391 (2006 ed., Supp. V). That provision states that except as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States. § 1391(a)(1). It further provides that a civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. § 1391(b). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls

within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, ___ U.S. ___, 134 S. Ct 568, 577 (2013) (internal quotations omitted). "Although a forum-selection clause does not render venue in a court wrong or improper within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Id.* at 579. Further, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id*. at 580.

III.  Discussion

In the instant case, defendant moves the Court to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(3), for improper venue, since the exclusive venue for any litigation relating to Assignment #2 of the lease and the settlement agreement is the 15th Judicial Circuit in and for Palm Beach County, Florida.[6] Plaintiffs contend that venue is proper since this action is brought under the Indemnification Agreement between plaintiffs and defendant and not the settlement agreement or Assignment #2.[7] However, before the Court can determine if the forum selection clause applies in this instance, the Court must determine if venue is proper pursuant to 28 U.S.C. § 1391(b) ("Section 1391(b)").

Having carefully reviewed plaintiffs' Complaint, the Court finds that plaintiffs have failed to satisfy Section 1391(b) to show venue is proper in this Court. Specifically, the Court

---

[6] Both Assignment #2 and the settlement agreement, executed on October 29, 2013, between the Landlord, OL Addison, plaintiffs, Yummy Yogurt, and defendant, contains a forum selection clause which designated the exclusive venue of any legal action or proceeding brought under Assignment #2 or the settlement agreement to be in Palm Beach, Florida. *See* Def.'s Mot. to Dis. Ex. A, Settlement Agreement at 10 ¶ 20 and Assignment/Assumption Approval Agreement at 24 ¶ 12.

[7] The November 30, 2012 Indemnification Agreement between the parties in this case does not contain a forum selection clause.

4

finds that plaintiffs allege, in their Complaint, that "upon information and belief, Defendant is, and at all times relevant to this action was, a citizen of the State of Indiana." Compl. ¶ 4. As a result of this allegation, plaintiffs cannot satisfy Section 1391(b)(1), requiring the defendant to reside in the judicial district in which the case has been brought. Further, plaintiffs allege that the Store, which is the subject of the lease, is located in Delray Beach, Florida, and plaintiffs have not alleged that a substantial part of the events or omissions giving rise to the claims in this case occurred in the Western District of Oklahoma; therefore, plaintiffs have also failed to satisfy Section 1391(b)(2). Lastly, the Court finds that this case could have been brought either in the United States District Court in Indiana, where defendant resides, or in the United States District Court for the Southern District of Florida, where the Store is located; therefore, plaintiffs have failed to satisfy Section 1391(b)(3). Therefore, the Court finds that plaintiffs' Complaint should be dismissed for improper venue.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss [docket no. 11] and DISMISSES this case.

**IT IS SO ORDERED this 26th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE